In Re: Appeal of Lewis W. Molnar from the Refusal of the Council of the Borough of Bethel Park To Grant a Tentative Approval for a Planned Unit Residential Development Known as "Lemon Tree". Municipality of Bethel Park, Appellant.

Argued December 7, 1979, before Judges CRUM-
LISH, JR., MENCER and MacPHAIL, sitting as a panel of
three.

*Victor R. Delle Donne,* with him *Owen B. McManus,
Baskin & Sears,* formerly *Baskin, Boreman, Wilner
Sachs & Gondelman,* for appellant.

*Lenard L. Wolffe,* with him *Stanley A. Uhr, Pech-
ner, Dorfman, Wolffe, Rounick & Cabot,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 2, 1980:

The Municipality of Bethel Park (Municipality)
appeals from an order of the Allegheny County Court
of Common Pleas remanding the application of Lewis
W. Molnar (Molnar) for tentative approval of a plan-
ned unit residential development (PURD) to the

Bethel Park Council for a determination and reconsideration of additional evidence. We dismiss this appeal and remand for further proceedings.

Early in September of 1975, the Borough of Bethel Park enacted an ordinance pursuant to the provisions of Article VII of the Pennsylvania Municipalities Planning Code (MPC) permitting Planned Unit Residential Developments.[1] Thereafter, landowner-developer Molnar made application to the Municipality for tentative approval of a PURD to be known as Lemon Tree Village. Hearings before the Bethel Park Planning and Zoning Commission produced tentative approval, subject to a resolution of drainage and grading problems to the satisfaction of the Borough Engineer and the Department of Environmental Resources. After extensive public hearings between August 16th and September 14th of 1976, the Municipality Council denied the application on the basis of insufficient land devoted to active recreational use, inadequate storm water drainage, increased traffic volume, close proximity of dwelling units to a stream, increased density, and limited public street accessibility for certain dwellings.

On appeal, the Allegheny County Common Pleas Court took additional evidence together with a view of the property and concluded that the density and public street accessibility concerns did not violate the Municipality ordinance. With respect to the remaining counts, the court held that, since it was not clear whether the present plans were capable of establishing 10% of total land area for active recreational use without amendment, and as the Borough Council did not have the benefit of Molnar's rechanneled stream layout and 25-year storm water drainage system, the

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10701 et seq.

matter would be remanded to the Borough Council for determination within 60 days of these factors consistent with its opinion. The Municipality then filed this appeal.

We are asked to decide whether the lower court abused its discretion or committed some error of law by making some findings adverse to the Municipality and remanding others for further determination. However, the interlocutory nature of the common pleas court's remand order will not allow final disposition of this matter.[2]

Generally, a court order, remanding a zoning matter to a borough council for an additional hearing, is interlocutory and unappealable without the presence of a final order.[3] *See Esterhai v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 361, 365-70, 274 A.2d 556, 559-60 (1971); *DePaul Realty Co. v. Borough of Quakertown,* 15 Pa. Commonwealth Ct. 16, 20, 324 A.2d 832, 834 (1974). In order to ascertain what is a final order, we must look beyond the technical effect of the adjudication to its practical ramifications. To be final and appealable, the judgment must end the litigation, dispose of the entire case, or effectively put the litigant out of court. *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). Clearly, the lower court's determination in the present case neither adjudicates the ultimate rights of the parties nor finally puts the case out of court.

--------

[2] This issue was not raised in either briefs or argument, yet we are compelled to deal with the interlocutory character of the lower court's order because the lower court's remand order leaves unresolved those specific areas upon which there is new evidence.

[3] A specific exception exists where the record establishes a statutory restriction denying a lower court the authority to issue a remand order. *See DePaul Realty Co. v. Borough of Quakertown,* 15 Pa. Commonwealth Ct. 16, 20, 324 A.2d 832, 834 (1974). A review of the record and the Municipality's Zoning Ordinance fails to reveal any such restriction.

While this conclusion precludes the necessity of our reaching the merits of the PURD application arguments, we are able to provide some guidance. The Borough Council should first evaluate the mandated purposes of the MPC and the Bethel Park Zoning Ordinance[4] with the "public interest" concerns of MPC Sections 707 and 709(b) for tentative PURD approval.[5] The Council should also carefully consider our decisions in *Doran Investments v. Muhlenberg Township Board of Commissioners,* 10 Pa. Commonwealth Ct. 143, 309 A.2d 450 (1973), and *O'Hara Township Board of Commissioners v. Hakim,* 19 Pa. Commonwealth Ct. 661, 339 A.2d 905 (1975), and thereby determine whether the PURD deficiencies constitute conditions to be attached to tentative approval or provide sufficient grounds for complete refusal.

Accordingly, we

ORDER

AND Now, this 2nd day of May, 1980, the appeal of the Municipality of Bethel Park from the order of the Court of Common Pleas of Allegheny County, dated

----

[4] Generally, the MPC seeks to not only protect and promote the safety, health and morals of the community, but to accomplish coordinated municipality development, provide guidance and protection for the uses of land and their structures, and minimize present and potential development problems. *See* MPC Section 105, 53 P.S. §10105. More specifically, we read Bethel Park Zoning Ordinance §61.39.1 as evidencing those purposes sought to be accomplished by MPC Section 701, 53 P.S. §10701. The mandate is for creative, imaginative and innovative residential development, and for compatible and economically efficient use of land and structures at a time when demand overshadows supply.

[5] The MPC sections dealing with applications for tentative approval declare that all procedures must meet the public's best interest, especially with regard to the findings presented in the Municipality's PURD application in accordance with MPC Section 709(b) (1)-(6), 53 P.S. §709(b)(1)-(6). *See* MPC Sections 707 and 709(b), 53 P.S. §§10707 and 10709(b).

March 7, 1978, is hereby quashed and the application of Lewis W. Molnar for tentative approval of the Planned Unit Residential Development in question is remanded to the Bethel Park Borough Council for further proceedings within 60 days hereof, consistent with both the directions of the lower court and this Opinion.

President Judge BOWMAN and Judge DISALLE did not participate in the decision in this case.