519 A.2d 537

Thomas R. Roth, Appellant *v.* Borough of Verona, William A. Futules, Mayor; et al., Appellees.

Argued October 6, 1986, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Barbara Ann Mohajery,* with her, *Bruce D. Campbell, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*August C. Damian, Damian & DeLuca,* for appellees.

Opinion by Judge MacPhail, December 22, 1986:

Thomas R. Roth (Appellant) is before our Court for the second time, seeking reinstatement as a permanent police officer with the Borough of Verona (Borough). This time Appellant appeals from an order of the Court of Common Pleas of Allegheny County which remanded his case against the Borough to the Council of the Borough of Verona (Council) for further proceedings and from that court's order denying Appellant's petition for reconsideration and clarification of the prior order.[1]

Because we have already discussed the factual background of this case in a prior appeal, *see Roth v. Bor-*

---

[1] As a general rule, the refusal of a trial court to reconsider a final order is not appealable. *Groff v. Township of Ulster,* 65 Pa. Commonwealth Ct. 584, 442 A.2d 1255 (1982). Here, however, the order which Appellant asked the trial court to reconsider and clarify was an interlocutory order. The trial judge, moreover, did, in effect, clarify his prior opinion by specifically addressing the issue of back pay, a matter not mentioned in his opinion in support of his prior interlocutory order.

*ough of Verona (Roth I),* 74 Pa. Commonwealth Ct. 352, 460 A.2d 379 (1983), we will limit our discussion of the facts in this appeal to those which are necessary to our decision.

Appellant was appointed as a probationary police officer with the Borough on September 12, 1978. On March 6, 1980, at the end of his probationary period, Appellant was informed that he would not be given permanent status and was terminated. The Court of Common Pleas of Allegheny County denied Appellant's request for mandamus seeking appointment as a permanent officer and his appeal of the termination under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754. Appellant appealed to this Court and an order was filed May 17, 1983. *See Roth I.*

In *Roth I,* we concluded that Appellant had not demonstrated a clear right to a permanent police officer's position by reason of the Council's extension of his probationary period and, therefore, he was not entitled to mandamus relief. We also held that Appellant, for the purpose of determining whether the Council had correctly determined that he was unqualified for a permanent appointment, had not been granted the procedural protection of the Local Agency Law to which he was entitled because he had a property interest in his employment. We specifically found that Appellant had not been afforded reasonable notice of his Council hearings or an opportunity to be heard and that therefore the Council's adjudication was invalid. *Roth I,* 74 Pa. Commonwealth Ct. at 359, 460 A.2d at 383, citing Section 553 of the Local Agency Law, 2 Pa. C. S. §553. We remanded the matter to the court of common pleas so that the procedural defects could be corrected whereupon the trial court remanded it to the Council for a new hearing.

As a result of the new hearing, in which Appellant did not participate because he insisted he had not been

given adequate notice of the charges against him, the Council decided that Appellant was not qualified to be a permanent police officer. Arguing that the Council's decision had unconstitutionally deprived him of due process and that the requirements of the Local Agency Law had not been complied with, Appellant appealed once again to the court of common pleas. The appeal requested back pay and benefits from the date of his termination.

On October 7, 1985, the court of common pleas entered an order remanding the case to the Council for further proceedings because the record did not contain a written adjudication of findings or reasons for the adjudication, as required by Section 555 of the Local Agency Law, 2 Pa. C. S. §555. The trial court also found that a new hearing was necessary because the Borough solicitor improperly performed both prosecutorial and adjudicative functions during the Council proceedings.

Appellant then filed a petition for reconsideration and clarification of the October 7, 1985 order. That petition was denied on October 18, 1985. In his memorandum opinion denying that petition, the trial judge held that the issue of back pay was premature inasmuch as no determination had yet been made that Appellant was entitled to continued employment. Both orders were appealed to this Court.

Subsequent to oral argument before this Court, where we raised the issue of our jurisdiction to review an interlocutory order, Appellant filed a petition for Post-Submission Communication, requesting to file a supplemental brief addressing the issue of whether or not the order of the court of common pleas was interlocutory. The petition was granted October 27, 1986 and both Appellant and Appellee submitted briefs addressing this issue.

Under Section 762(a) of the Judicial Code, 42 Pa. C. S. §762(a), the Commonwealth Court has jurisdiction

over appeals from final orders of the courts of common pleas. This Court has held that a trial court order remanding a matter to an administrative agency is *generally* interlocutory and not a final order from which an appeal may be taken. *Philadelphia Commission on Human Relations v. Gold*, 95 Pa. Commonwealth Ct. 76, 503 A.2d 1120 (1986); *Zoning Hearing Board of Mahoning Township v. Zlomsowitch*, 87 Pa. Commonwealth Ct. 123, 486 A.2d 568 (1985). We have cautioned, however, that

> [i]n order to ascertain what is a final order, we must look beyond the technical effect of the adjudication to its practical ramifications. *To be final and appealable, the judgment must end the litigation, dispose of the entire case, or effectively put the litigant out of court.* T.C.R. Realty, Inc. v. Cox, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977).

*Municipality of Bethel Park Appeal*, 51 Pa. Commonwealth Ct. 128, 131, 414 A.2d 401, 402 (1980) (emphasis added).

Appellant argues that the trial court order remanding the instant case is final as to the issue of back pay, to which he claims to be entitled due to the Council's "very persistent and intransigent refusal" to afford him a proper hearing. He asserts that the remand order effectively put him "out of court" on the back pay issue and that even if a new hearing is held, it will not afford him a remedy for the Council's previous failure to grant a proper hearing. We reject Appellant's argument.

Appellant improperly relies on this Court's decision in *McKelvey v. Colonial School District*, 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978), in making his claim for back pay. In *McKelvey*, a teacher was terminated by a school board and despite her attorney's requests, a hearing was never held. We held that be-

cause the discharged employee had been *refused* a hearing, the proper remedy was back pay. *Id.* at 270, 385 A.2d at 1043.

In the case *sub judice,* however, Appellant was not refused a hearing; he claims only that the hearings held were procedurally defective. As we noted in *McKelvey,* when a hearing is tainted by improper procedures, a remand for a proper hearing is the appropriate remedy. *Id.; see also Husted v. Canton Area School District,* 73 Pa. Commonwealth Ct. 380, 458 A.2d 1037 (1983).

In his memorandum opinion in support of the order of October 18, 1985, Judge NARICK said,

Appellant has a claim for back pay and fees only if he was entitled to continued employment. This claim may therefore be raised if appellant is successful after remand, a decision on the merits by the Borough Council, and any appellant [sic] review sought by the parties.

Slip op., October 18, 1985, p. 2. We agree.

We therefore conclude that the trial court's remand order of October 7, 1985 is interlocutory and nonappealable and that the order of October 18, 1985 refusing to grant reconsideration, modification and clarification of the prior order with respect to back pay and benefits must be affirmed.

## ORDER

The Appellant's appeal from the October 7, 1985 order of the Court of Common Pleas of Allegheny County is quashed. The Court's order of October 18, 1985 is affirmed. The matter is remanded to the Court of Common Pleas of Allegheny County for further proceedings.

Jurisdiction relinquished.