543 A.2d 622

Robert J. Gatti and Mann Homes, Inc., Appellants v. Zoning Hearing Board of Salisbury Township et al., Appellees.

Argued April 18, 1988, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Lee D. Mescolotto, Eschbach & Mescolotto,* for appellants.

*William G. Malkames,* with him, *Mark Malkames,* for appellees.

Opinion by Judge Colins, June 29, 1988:

This is an appeal from the decision of the Court of Common Pleas of Lehigh County which affirmed in part and remanded in part the decision of the Zoning Hearing Board of Salisbury Township (Board). The trial court affirmed with respect to the construction of an addition to a broadcasting building owned by Maranatha Broadcasting Company (appellee), and remanded the decision with respect to the construction of a new broadcasting tower by appellee.

Appellee is a local radio and communication station. Its principals, Richard C. and JoAnna M. Dean, sought in conjunction with appellee, permission to expand the business in two ways: (1) a permit to erect both a temporary 20' by 60' structure and a permanent addition measuring 60' by 90' to its broadcasting building pursuant to the plan submitted; and (2) approval to erect a new 640', free-standing tower, while shortening its present 500' guy-wire supported tower to a height of 250'. Appellees' application for a building permit with the Salisbury Township Zoning Officer was denied. Appellee appealed this decision to the Board and a hearing was held on July 1, 1986. Testimony was presented as to the present use of the property as well as to the fact that appellee had received variances in the past with respect to the use of property.

It was stipulated by counsel for appellee that the expansion desired would be slightly in excess of the 25% permitted under Section 704.1 of the current Salisbury Township Zoning Ordinance (Ordinance).[1] Presenting

---

[1] Section 704.1 of the Salisbury Township, Lehigh County, Pa., Zoning Ordinance, No. 146 (December 30, 1971), *as amended.*

its various FCC licenses for broadcasting, appellee submitted that its business had increased and that the expansion was necessary to accommodate this growth. Appellees' proposed expansion would utilize surrounding land which is owned by Richard Dean, who is President of the broadcasting station and also an appellee in this matter. This land, which encircles the broadcasting station's acreage in a "U" shape, is referred to as the Dean property.

Appellant, Robert J. Gatti (Gatti), testified on his own behalf and on behalf of Mann Homes, Inc., of which he is the principal. His testimony indicated that he had purchased acreage neighboring appellee's premises approximately ten years ago for the purpose of constructing his own residence and for future development. Gatti, the sole objector, owns approximately thirteen acres in this area. The majority of his testimony centered on the impact of the new tower which was to be constructed. Gatti presented little testimony as to any detriment to be incurred as a result of the expansion of the building. At one point he even noted that the building had not been a problem in the past and that he did not anticipate it presenting a problem in the future due to the amount of vegetation between the two properties.

The Board granted the variance request on July 1, 1986, and gave appellee permission to expand the building and to construct a 640' tower upon the condition that the existing tower would be removed within six months of the completion and satisfactory operation of the new tower. Appeal was taken by the appellants. The trial court entered its order affirming and remanding on August 19, 1987. Appellants further appealed to this Court.

The appellants raise three issues on appeal: (1) whether the Board, as affirmed by the trial court, erred in its classification of the use of the subject premises as

nonconforming under the Ordinance, in its application of the expansion doctrine, and in its grant of a variance; (2) whether the Board, as affirmed by the trial court, lacked substantial evidence to support its granting of a variance to appellee to expand its building; and (3) whether the grant of the variance was proper considering the case law, Section 912 of the Pennsylvania Municipalities Planning Code (MPC),[2] and Section 802.2 of the Ordinance.

Initially, we note that the decision of the Board pertaining to the proposed tower which has been remanded by the trial court is interlocutory and not before this Court for review. *Roth v. Borough of Verona,* 102 Pa. Commonwealth Ct. 550, 519 A.2d 537 (1986) (citing *Zoning Hearing Board of Mahoning Township v. Zlomsowitch,* 87 Pa. Commonwealth Ct. 123, 486 A.2d 568 (1985)). Therefore, we shall limit our discussion to the issues surrounding expansion of appellee's building.

Our scope of review in zoning appeals, where the trial court has taken no additional evidence, is limited to a determination of whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). We may not conclude that the Board abused its discretion if its findings are supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* Our review of the record indicates that the Board had substantial evidence upon which to base its findings of fact.

Appellee's construction and operation of a broadcasting station on the premises in question constitutes a nonconforming use. Appellee's original application to set

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

up operations on the premises and the order of the Board on August 20, 1970, allowing such, both erroneously used the term "variance" in describing the requested use. The premises were located in an area zoned Rural Residential (R-R) in 1970 and Section 800 of the former Ordinance[3] clearly permitted "radio and television transmission facilities and their customary appurtenances" as *special exception uses*. A special exception use is allowed by right, unlike the grant of a variance arising out of a hardship created by peculiar features relating to the premises. *A & D, Inc. v. Zoning Hearing Board, East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977). The Board's designation of the use as a variance rather than as a special exception in prior matters is not controlling with respect to the instant matter. *See Township of Falls Appeal,* 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980) (the court will treat the matter for what it really is notwithstanding the terminology used).

We cannot conclude that the Board erred in its classification of the subject premises as nonconforming under the Ordinance. This Court has held that an owner can establish a nonconforming use by demonstrating by objective evidence that the premises were devoted to the use at the time the ordinance was enacted. *Llewellyn's Mobile Home Court, Inc. Appeal,* 86 Pa. Commonwealth Ct. 567, 485 A.2d 883 (1984). The establishment of appellee's broadcasting station occurred in 1970. The Ordinance in question was enacted in 1971. It is clear that the premises in question were devoted to use as a broadcasting station prior to the enactment of the Ordinance. In fact, the Board recognized that the appellee's use was nonconforming in two

---

[3] Salisbury Township, Lehigh County, Pa., Zoning Ordinance (January 20, 1960), *as amended.*

previous appeals. In one of these appeals the Board permitted appellee's installation of an antenna upon the Dean property. A second appeal resulted in the Board authorizing the expansion of appellee's parking area and the installation of a second driveway upon the Dean property. Both of the decisions of the Board specifically refer to the fact that the use was nonconforming.

Appellants, relying on Section 701 of the Ordinance, contend that a use which came into existence by virtue of a variance or special exception cannot be treated as a nonconforming use under the Ordinance. Appellee submits, and we agree, that such an interpretation of the Ordinance would render that statute unconstitutional. In *Jenkintown Towing Service v. Zoning Hearing Board,* 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982), this Court held that the right to expand a nonconforming use to provide for the natural expansion and accommodation of increased business is a constitutional right protected by the due process clause. Therefore, a muncipality cannot prohibit natural expansion of a nonconforming use. We further noted in *Jenkintown* that a municipality may impose reasonable restrictions upon the expansion of a nonconforming use so as to ensure that the expansion will not be detrimental to the public health, welfare and safety. Appellants presented little if any evidence concerning detriment to the public health, welfare or safety, incurred as a result of the expansion. Appellee presented evidence concerning the need for expansion to accommodate its business. The Board correctly determined that the premises in question constituted a nonconforming use, and applied the analysis set forth in *Jenkintown,* which allows for the expansion of such a use.

Appellants also argue that appellee was seeking to extend a nonconforming use into a new area, the tract of land referred to as the Dean property, which surrounds

appellee's land on three sides. We note that the parcel of land upon which the broadcasting station is located is landlocked. The Dean property provides the only means of ingress and egress from this parcel. Moreover, as noted previously, prior orders of the Board allowed for the use .of the Dean property in conjunction with the business. These orders both recognized the expansion of the nonconforming use onto this property. Having concluded that the appellee's expansion will not extend the nonconforming use into any new area, but, instead, into an area already devoted to the use, we reject appellant's argument as meritless.

The second issue raised by the appellants questions whether the Board exceeded its discretion in granting the variance, given the absence of facts upon which it had to base its decision. Our review of the record reveals substantial evidence upon which the Board based its decision.

Finally, appellants contend that the Board could not have properly granted a variance within the criteria of the applicable caselaw, the Ordinance, and the MPC. We disagree. Specifically, appellants take issue with the Board's authorization of a 30% expansion as opposed .to the 25% expansion authorized in the Ordinance.

The Board, as affirmed by the trial court, found that on the basis of "natural growth," the broadcasting station should be given some opportunity to. augment its existing facilities. The proposed addition to the building was approximately 30% of the aggregate size of the buildings currently in use. The Board noted that the expansion was in conformance with the 25% expansion allowance spelled out in Section 704.1 of the Ordinance, with any overage being *de minimis*. The trial court, in its opinion upholding the decision of the Board, noted:

Sufficient facts do exist in the record to support a finding that the finished addition will amount

to an expansion of approximately 25% of the occupied area of the original building, and that any slight overage is *de minimus* (sic). At the July 1, 1986 Hearing the sole objector, Gatti, indicated that the building expansion was not the problem, but that the tower was his main concern. Based upon the record evidence in this matter we must agree with this determination.

Appellants point out that traditionally when a party wishes to expand beyond the statutory limits he must do so by way of a request for a variance. *Jenkintown.* The requirements to be fulfilled in requesting a variance are set forth in Section 912 of the MPC, 53 P.S. §10912. These include: (1) the property must possess unique physical circumstances or conditions; (2) because of the physical circumstances, there is no possibility that the property can be developed in conformity with the ordinance; (3) no unnecessary hardship has been created by the appellant; (4) the variance, if granted, will not alter the essential character of the neighborhood or district wherein the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare; and, (5) the variance will represent the minimum variance that will afford relief.

However, this Court, in the case of *West Bradford Township v. Evans,* 35 Pa. Commonwealth Ct. 167, 384 A.2d 1382 (1978), applied the rule that where a variance is minor or *de minimis* it may be granted even if the traditional grounds for a variance have not been met. The Board never entered into the analysis of the traditional requirements of a variance and rightly so. The facts of this matter indicate that the overage is *de minimis*. Moreover, the expansion will encroach upon the Dean property, owned by the company's principal, and not onto the appellants' or any third party's land.

Gatti, as sole objector, has indicated no public detriment to be suffered at the expense of the expansion and has himself voiced little objection to construction of this addition. The record reveals that appellee's land is located on the top of a mountain which has been used for broadcasting transmissions for approximately 40 years. This unique location is optimum for radio broadcasting and communications because it provides the best opportunity to reach customers with the minimum amount of interference from the surrounding terrain.

In light of the evidence of record, we must conclude that the Board based its decision on substantial evidence and therefore committed no abuse of discretion or error of law. Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of June, 1988, the Order of the Court of Common Pleas of Lehigh County in the above-captioned matter is affirmed.