641 A.2d 685

**Mark D. KRAMER and Francine Kramer, Appellants,**

v.

**The ZONING HEARING BOARD OF UPPER SAUCON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Dec. 16, 1993.

Decided April 21, 1994.

that the Fishers failed to request leave to amend. Accordingly, we conclude that the trial court acted properly.

Mark Malkames, for appellants.
John W. Ashley, for appellee.

Before DOYLE and SMITH, JJ., and KELTON, Senior Judge.

SMITH, Judge.

Mark D. Kramer and Francine Kramer (Landowners) appeal from the May 14, 1993 order of the Court of Common Pleas of Lehigh County remanding to the Upper Saucon Township Zoning Hearing Board (Board) Landowners' appeal from a decision of the Board. Although several issues are raised for this Court's review, the interlocutory nature of the trial court's remand order does not allow final disposition on the merits of those arguments.

Landowners own a mobile home park located in Upper Saucon Township consisting of 8.29 acres of land of which 4.89 acres are developed with 52 mobile homes and approximately 3.4 acres are undeveloped. The undeveloped portion is entirely within the R–2 zoning district and was previously a sewage drain field for the mobile home park. The park predates zoning in the Township and is a nonconforming use under the Township's Zoning Ordinance (Ordinance), which does not permit mobile home parks in an R–2 district, whether by conditional use or special exception. Section 1802.C of the Ordinance provides that expansion of a nonconforming use shall be permitted only by special exception, shall be only upon the same lot as in existence on the date the use became nonconforming, and any increase in volume or area of the nonconforming use shall not exceed an aggregate of more than fifty percent of said volume or area.

Landowners filed with the Board an application seeking to expand the nonconforming mobile home park onto the undeveloped tract to create an additional twenty-one mobile home spaces. After hearings, the Board issued an opinion determining that in Landowners' situation it is the area of nonconforming use that must be measured and therefore the most Landowners can expand the mobile home park is fifty percent of the existing developed land, or an additional 2.45 acres; Section 1701 of the Ordinance requires that before any zoning permit is granted, a site plan shall be reviewed by the

planning commission and approved by the Township supervisors; Section 1704.B of the Ordinance requires that overall density shall not exceed 3.1 dwelling units per acre, whereas the new section of the park would have a density in excess of six units per acre; and Landowners neither requested a variance nor made a showing of undue or economic hardship, unique circumstances, or business necessity. The Board granted a special exception for expansion of the park not to exceed 2.45 acres.

Landowners appealed from the Board decision, arguing that the provisions of Sections 1701 and 1704.B (Article 17) of the Ordinance cannot be imposed on the expansion, and that the fifty percent restriction of Section 1802.C applies to the number of mobile home units rather than the number of acres of expansion. Without taking further evidence, the trial court held, inter alia, that the Board properly concluded that under Section 1802.C the expansion requested by Landowners is clearly an increase in the area of land; by imposing Article 17 conditions to the grant of a special exception, the Board directed Landowners to seek approval of the municipal legislative body, which was an unlawful delegation of power under Section 909.1(a)(6) of the Municipalities Planning Code (MPC).[1] The court further stated that some of the requirements of Article 17 are appropriate conditions to the grant of a special exception and the Board can impose reasonable restrictions on the expansion of a nonconforming use subject to valid public interests of health, safety, and welfare. The trial court concluded that the record contained evidence of such concerns and remanded the case to the Board to allow it to impose specific conditions to the grant of a special exception reasonably related to valid public interests. Landowners appealed to this Court.

Landowners first argue that the trial court's order remanding their appeal to the Board constitutes a final appeal-

1. Section 909.1(a)(6) was added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a)(6), and vests exclusive jurisdiction in zoning hearing boards to hear and render final adjudications involving applications for special exception.

able order. Under Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a), the Commonwealth Court has jurisdiction over appeals from final orders of the courts of common pleas. Unless expressly provided for by statute or rule,[2] no appeal lies from an interlocutory order to this Court. *Department of Transportation v. Rollins Outdoor Advertising Co., Inc.*, 76 Pa.Commonwealth Ct. 554, 464 A.2d 653 (1983). In ascertaining what is a final order, this Court must look beyond the technical effect of the order to its practical ramifications. *City of Philadelphia v. Belmont Fund, Inc.*, 56 Pa.Commonwealth Ct. 185, 424 A.2d 631 (1981). To be final and appealable, the judgment must end the litigation, dispose of the entire case, or have the practical consequence of putting the litigant out of court. *Department of Transportation, Bureau of Driver Licensing v. Buss*, 154 Pa.Commonwealth Ct. 118, 623 A.2d 369 (1993).

This Court has repeatedly held that a court order remanding a matter to an administrative agency for additional hearings is generally interlocutory and not a final order from which an appeal may be taken. *Roth v. Borough of Verona*, 102 Pa.Commonwealth Ct. 550, 519 A.2d 537 (1986); *Philadelphia Comm'n on Human Relations v. Gold*, 95 Pa.Commonwealth Ct. 76, 503 A.2d 1120 (1986). In *Municipality of Bethel Park Appeal*, 51 Pa.Commonwealth Ct. 128, 414 A.2d 401 (1980), this Court held that a trial court order remanding an application for tentative approval of a residential development to the borough council for determination and reconsideration of additional evidence was not final and appealable, but was instead interlocutory because the trial court's determination neither adjudicated the ultimate rights of the parties nor finally put the case out of court. Further, in *Gatti v. Zoning*

2. *See* Section 5105(c) of the Judicial Code, 42 Pa.C.S. § 5105(c) (granting right of appeal from interlocutory order if allowed by law or rule); Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b) (giving discretion to appellate court to permit an appeal from an interlocutory order upon lower court certifying that order involves controlling question of law about which there exists substantial ground for difference of opinion and that an immediate appeal may materially advance ultimate termination of the matter); Pa.R.A.P. 311 (interlocutory appeals as of right); and Pa.R.A.P. 1311 (interlocutory appeals by permission).

*Hearing Board of Salisbury Township,* 117 Pa.Commonwealth Ct. 399, 543 A.2d 622 (1988), this Court determined that a decision by a zoning hearing board pertaining to a landowner's request for a variance which was remanded to the board by the trial court was interlocutory and not before this Court for review.

Where a zoning hearing board has made inadequate factual findings, the trial court should remand the matter to the board to obtain the essential factual determinations, *Brighton Enterprises, Inc. v. City of Philadelphia,* 95 Pa.Commonwealth Ct. 409, 505 A.2d 1084 (1986). In the present matter, the practical effect of the trial court's order was to grant partial relief on some issues but to defer ruling on other issues without findings by the Board that it imposed restrictions on Landowners' development for valid public interest concerns. This Court therefore concludes that the trial court's order was not a final appealable order because it neither ended the litigation nor had the practical consequence of putting Landowners out of court. *See Buss.*[3]

Relying upon *Gatti,* Landowners nevertheless argue that because the trial court remanded with instructions as to the scope and extent of further proceedings to be conducted by the Board, those parts of the trial court opinion which are not part of the remand proceeding are immediately appealable. In *Gatti,* the zoning hearing board granted the landowner's separate variance requests for construction of a building and a broadcasting tower, and the trial court affirmed with respect to construction of the building but remanded with respect to the tower. This Court determined that the remand order was interlocutory and not before this Court, but addressed the issues surrounding the variance request for the building.

**3.** Moreover, Landowners failed to establish that the trial court's order is an appealable interlocutory order under the collateral order doctrine, which states that interlocutory orders are deemed appealable if (1) the order is separable and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the issue is such that, if the resolution would be postponed until final judgment, it would be lost. *Gwiszcz v. City of Philadelphia,* 121 Pa.Commonwealth Ct. 376, 550 A.2d 880 (1988).

Because the issues involved in *Gatti* were separable, it has no application to the present matter wherein the trial court's order solely involves Landowners' single request for expansion of a nonconforming use. Accordingly, Landowners' appeal from the order of the trial court is quashed and this Court will not consider the underlying merits of the case.

## ORDER

AND NOW, this 21st day of April, 1994, the appeal of Mark D. Kramer and Francine Kramer from the May 14, 1993 order of the Court of Common Pleas of Lehigh County is hereby quashed as the appeal is from an interlocutory order by the court.