**Robert DOMAGALSKI and Karen Kearns, h/w, Appellants,**

v.

**Mary SZILLI and Zoning Hearing Board of Hereford Township and Hereford Township.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 2002.
Decided Dec. 4, 2002.

Carl N. Weiner, Lansdale, for appellants.

Robert L. Sharpe, Jr., Quakertown, for appellee, M. Szilli.

Joseph A. La Flamme, Reading, for appellee, Hereford Township.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

Robert Domagalski and Katherine Kearns (Objectors) appeal the remand order of the Court of Common Pleas of Berks County (trial court) following the Zoning Hearing Board of Hereford Township's (Board) grant of Mary Szilli's (Applicant) variance requests. We quash.

Applicant owns 3.15 acres (Subject Property) in Hereford Township, which is zoned agricultural. The Subject Property is currently improved with a 125–year–old home, a storage shed, a summer home and

a "pole barn." Objectors own an adjacent tract.

Applicant seeks to subdivide her lot to create two residential lots. On the newly created lot, Applicant proposes to construct a residence for her son. A minimum lot size of three acres and a minimum lot width of 200 feet, however, is required by Section 504(B) of the Hereford Township Zoning Ordinance (Ordinance). As a result, Applicant applied to the Board for variances from Section 504(B) of the Ordinance.

At the Board hearing, Applicant and her son testified in support of the application. Objectors testified in opposition. Thereafter, the Board issued a decision granting the requested relief on the grounds the relief sought was *de minimis*. Objectors appealed to the trial court. Concluding the record was inadequate to support the Board's decision, the trial court remanded for further clarification. Specifically, the trial court sought clarification of the Board's conclusions that the relief sought was *de minimis* and that denial of the variances would result in unnecessary hardship to Applicant.

On remand, without hearing additional evidence, the Board revised its decision. Again, the Board granted the variances on *de minimis* grounds. On further appeal by Objectors, the trial court again remanded for a further evidentiary hearing.

Thereafter, Objectors filed an application to stay the remand order in this Court to prevent the further evidentiary hearing. The Honorable Doris A. Smith–Ribner heard argument on Objectors' application. Subsequently, Judge Smith–Ribner entered an order denying the application because Objectors failed to prove, among other things, a likelihood of success on the merits. Objectors now challenge the merits of the trial court's remand order.

Initially, we note the trial court's order is interlocutory. Pursuant to Section 762(a) of the Judicial Code, 42 Pa.C.S. § 762(a), our jurisdiction to hear appeals from decisions of common pleas courts is limited to final orders, unless otherwise permitted by statute or rule. Pa. R.A.P. 341(b), which defines a final order, provides:

Definition of Final Order. A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subdivision (c) of this rule [permitting entry of a final order as to less than all of the claims or parties upon the express determination by a court or governmental unit that an immediate appeal would facilitate resolution of the entire case].

Pa. R.A.P. 341(b).

■ Where a zoning hearing board makes inadequate factual findings, the trial court should remand the matter to the board to obtain the essential factual determinations. *Brighton Enterprises, Inc. v. City of Phila.*, 95 Pa.Cmwlth. 409, 505 A.2d 1084 (1986). We have repeatedly held that a court order remanding a matter to an administrative agency for additional hearings is interlocutory and is not a final order from which an appeal may be taken. *Kramer v. Zoning Hearing Bd. of Upper Saucon Township*, 163 Pa.Cmwlth. 559, 641 A.2d 685 (1994); *Roth v. Borough of Verona*, 102 Pa.Cmwlth. 550, 519 A.2d 537 (1986); *Phila. Comm'n on Human Relations v. Gold*, 95 Pa.Cmwlth. 76, 503 A.2d 1120 (1986).

■ Here, the trial court remanded this case for a further evidentiary hearing to develop a complete factual record to sup-

port the Board's decision that relief was properly granted on *de minimis* grounds. As such, the order did not end the litigation or dispose of the entire case. *Kramer.* Moreover, the trial court's order is not expressly defined as final by statute. Therefore, the order is interlocutory and not final within the meaning of Pa. R.A.P. 341.

Objectors argue that if their appeal is denied, the issue presented will ultimately evade our review.[1] They rely on *Schultheis v. Bd. of Supervisors of Upper Bern Township,* 727 A.2d 145 (Pa.Cmwlth.1999).

■■■ Judge Smith–Ribner's stay order clearly explained that *Schultheis* is not applicable here:

> The Court's decision in *Schultheis v. Bd. of Supervisors of Upper Bern Township,* 727 A.2d 145 (Pa.Cmwlth.1999), does not support [Objectors'] application because the court of common pleas there decided the merits of the case before it remanded the matter to the Board, unlike the situation here where Senior Judge Frederick Edenharter did not decide the merits of [Objectors'] appeal but instead remanded the case to the Zoning Hearing Board because additional evidence was required before a decision could be made on the merits.

Order of May 24, 2002 (Smith–Ribner, J.). We adopt this reasoning.[2] Because the trial court has yet to decide the merits of the appeal, there is no issue capable of evading our review. If aggrieved, Objectors may on later appeal question the propriety of the remand order. Therefore, we deny Objectors' request to appeal as of right from the trial court's interlocutory order pursuant to Pa. R.A.P. 311(f)(2).

For the foregoing reasons, we quash the appeal as premature, without prejudice.

### ORDER

AND NOW, this 4th day of December, 2002, the appeal is quashed without prejudice because the order is interlocutory and not otherwise appealable as of right.

---

1. Pa. R.A.P. 311(f)(2) provides that an appeal may be taken as of right from a trial court's order remanding a matter to an administrative agency if it decides an issue that would ultimately evade appellate review if immediate appeal is not permitted. Pa. R.A.P. 311(f)(2).

2. In the interests of judicial economy and efficiency, there must be a degree of finality to interlocutory orders by another judge in the same case. *Curley v. Bd. of Sch. Dir. of the Greater Johnstown Sch. Dist.,* 163 Pa.Cmwlth. 648, 641 A.2d 719 (1994). When no petition for reconsideration from an order of a single

judge is filed, that order is binding unless palpably erroneous. *Curley; Hughes v. Pennsylvania State Police,* 152 Pa.Cmwlth. 409, 619 A.2d 390 (1992); *Larocca v. Workmen's Comp. Appeal Bd. (The Pittsburgh Press),* 140 Pa.Cmwlth.192, 592 A.2d 757 (1991). The exception to this rule is that we will reconsider a decision from a single judge if the decision concerns subject matter jurisdiction. *Curley.* This exception is not applicable here.

Here, Objectors did not petition for reconsideration of Judge Smith–Ribner's prior order. *See* Pa. R.A.P. No. 123(e). Therefore, it is binding.