# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Olmo,                              :
          Petitioner                    :
                                        :
          v.                            :   No. 86 M.D. 2021
                                        :   Submitted: April 1, 2022
Commonwealth of Pennsylvania,              :
          Respondent                    :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
               **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
               **HONORABLE MARY HANNAH LEAVITT,** Senior Judge

<u>OPINION NOT REPORTED</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**     **FILED: August 22, 2022**

Before the Court is the preliminary objection in the nature of a demurrer (PO) filed by the Commonwealth of Pennsylvania (Respondent) asserting that the pro se Petition for Review (Petition) filed by Michael Olmo (Olmo) in this Court's original jurisdiction fails to state a claim upon which relief can be granted and the Petition should be dismissed. In the Petition, Olmo contends the Department of Corrections (DOC) has miscalculated his minimum sentence date and seeks to have this Court direct DOC's "Record Room to correct [Olmo's] minimum date for parole." (Petition for Review (Petition) ¶¶ 4, 9.) Upon review, we overrule the PO and order DOC to file an answer.

## I.    BACKGROUND

On March 19, 2021, Olmo, who is currently incarcerated at a State Correctional Institution (SCI) at inmate number HA-2449, filed the Petition alleging

the following facts. Olmo was arrested on May 3, 2002, while he was on parole from a 1995 Sentence served under inmate number DB-3238, of which he had 4 years and 10 months remaining. (Petition ¶¶ 1, 5; Preliminary Objection (PO) ¶ 30; Answer to PO ¶ 30.) Olmo pleaded guilty on January 14, 2003, to the 2002 charges,[1] and was sentenced on April 29, 2003, to a mandatory term of 20 to 40 years of imprisonment (2003 Sentence), which he had "been serving since [his] date of [a]rrest." (Petition ¶¶ 2-3.) Olmo contends his minimum sentence on the 2003 Sentence should be May 3, 2022, because he "has been incarcerated since May 3[,] 2002, but DOC [r]ecords continue to miscalculate and say [his] minimum is January 3, 2027." (*Id.* ¶ 4.) Olmo asks this Court to direct DOC to correct this miscalculation, which he argues is caused by DOC "[i]gnoring" or miscrediting 4 years and 10 months of his incarceration. (*Id.* ¶¶ 4, 9.) According to Olmo, this relief is supported by *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), *Urch v. Department of Corrections* (Pa. Cmwlth., No. 138 M.D. 2017, filed August 13, 2019), and *Sturgis v. Doe*, 26 A.3d 1221 (Pa. Cmwlth. 2011).

Following the Petition's filing, Olmo contacted the Court via letter received on September 13, 2021, asserting that although he had served a copy on Respondent by certified mail, he received no return receipt from Respondent. Asserting that the 30-day period in which Respondent was required to file an answer or preliminary objections had passed, Olmo asked the Court to enter judgment against Respondent and grant the relief requested in the Petition. The Court issued an order on September 21, 2021, directing Respondent to respond to Olmo's September 13, 2021 letter, within 14 days. Respondent did so, filing an answer explaining its lack of

---

[1] Those charges were "Robbery, Firearms Criminal Conspiracy[,] and Aggravated Assault." (Petition ¶ 2.)

2

response, an application requesting to file preliminary objections *nunc pro tunc*, and the PO. By a per curiam, single-judge order dated October 4, 2021, the Court accepted Respondent's PO *nunc pro tunc* and dismissed Olmo's request that judgment be entered against Respondent.

In the PO, Respondent challenges the legal sufficiency of the Petition. Respondent argues that although Olmo avers that DOC has miscalculated his 2003 Sentence by not crediting 4 years and 10 months of Olmo's incarceration toward that sentence, Olmo has no clear right to that relief because he had to complete his 1995 Sentence, of which there was 4 years and 10 months remaining, before he began to serve the 2003 Sentence. (PO ¶¶ 29, 34.) According to Respondent, after Olmo's arrest in 2002 and conviction in 2003, Olmo became a convicted parole violator (CPV) and had to serve the time remaining on his 1995 Sentence before starting the 2003 Sentence. (*Id.* ¶ 33.) Respondent maintains that Olmo's contention that he began serving the 2003 Sentence immediately, rather than having to first serve the backtime on the 1995 Sentence, is unlawful, as the two sentences cannot be served concurrently under Section 6138(a)(5) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(5).[2] (*Id.* ¶¶ 36-40 (citing *Wilson v. Pa. Bd. of Prob. & Parole*, 124

---

[2] We note that, at the time of the 2003 Sentence, Olmo's order of sentences would have been governed by Section 21.1(a) of the former act commonly referred to as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147. The Parole Act was repealed and recodified, without substantive change, at Section 6138 of the Code. Former Section 21.1(a)(1) of the Parole Act stated:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

**(Footnote continued on next page…)**

3

A.3d 767 (Pa. Cmwlth. 2015); *Commonwealth v. Draper*, 293 A.2d 614 (Pa. Super. 1972)).)

Olmo submitted a letter, dated October 20, 2020, asking the Court to overrule the PO due to Respondent's failure to timely respond to the Petition and stating that, if he had failed to respond in the required time period, his Petition would have been dismissed. After receiving several extensions, Olmo also filed an answer to the PO, which admits many of the PO's averments. However, Olmo denies that he was awarded backtime credit and asserts that Respondents did not provide documentation to show he is not entitled to time credit against his 2003 Sentence. (Answer to PO ¶¶ 33-34, 38.)

## II. DISCUSSION

### A. Legal Standards

Because Olmo asks this Court to direct DOC to perform an action that he argues it has a legal obligation to perform, the Petition is in the nature of mandamus. *See Garber v. Pa. Dep't of Corr. Sec'y*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004)

(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

*Formerly* 61 P.S. § 331.21a(a)(1). Section 6138(a)(5)(i) similarly provides:

If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i)     If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i).

(holding that where a petition does not specifically denote the legal theory under which it is brought, the court examines the relief requested to establish the nature of the cause of action); *Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010) (holding that sovereign immunity bars all actions other than mandamus where the petitioner seeks to compel a Commonwealth agency to act). "Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other appropriate or adequate remedy." *Chanceford Aviation Props., L.L.P. v. Chanceford Twp. Bd. of Supervisors*, 923 A.2d 1099, 1107-08 (Pa. 2007) (quotation omitted). Mandamus is not used to establish legal rights, but to enforce rights that are "already established beyond peradventure." *Lawrence v. Pa. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). Mandamus will not lie to "direct the exercise of judgment or discretion in a particular way, or to direct the retraction or reversal of an action already taken." *Chanceford Aviation Props.*, 923 A.2d at 1108. Mandamus may be used "to compel a tribunal or administrative agency to act when that tribunal or agency has been sitting on its hands." *Id.* (internal quotation marks omitted).

When ruling on preliminary objections in the nature of a demurrer, this Court must accept all well-pleaded factual allegations in the petition for review as true, along with any reasonable inferences deducible therefrom. *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018). The Court is not bound, however, "by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Id.* Preliminary objections should be sustained only where it "appear[s] with certainty that the law

5

will not permit recovery and any doubt should be resolved by a refusal to sustain them." *Neely v. Dep't of Corr.*, 838 A.2d 16, 19 n.4 (Pa. Cmwlth. 2003).

### B. *Parties' Arguments*

Respondent argues the Petition does not establish Olmo's clear legal right to relief because Olmo has not produced, or averred the existence of, a court order or other documentation that supports his request for the recalculation of the minimum sentence related to his 2003 Sentence. The averments in the Petition, Respondent maintains, support the conclusion that Olmo is not entitled to relief because he is now serving the 2003 Sentence, which he could not begin to serve until after he had completed the 4 years, 10 months of backtime remaining on the 1995 Sentence. Because Section 6138(a)(5) mandates the order of service of sentences for CPVs and there is no authority to deviate from that prescribed order, Respondent argues Olmo's 2003 Sentence cannot lawfully be calculated as he asserts. Therefore, Respondent argues the Petition should be dismissed for failure to state a claim.

Olmo responds that the PO should be overruled, and his requested relief granted, because Respondent failed to timely respond to the Petition and this Court should not have allowed Respondent to file the PO *nunc pro tunc*, as its reason for not timely responding was insufficient. Olmo contends that he was prejudiced by Respondent's tactics because they reflect Respondent's attempts to delay this matter long enough for Olmo to make an error, such as his missing a deadline, that would justify dismissing the Petition. Olmo offers no argument in opposition to the merits of the PO.

6

*C. Analysis*

    1. <u>The Untimeliness of the PO</u>

We begin first with Olmo's argument that the PO should be overruled, and his relief granted, because of the untimeliness of Respondent's PO, which he alleges the Court erroneously accepted. This appears to be a request that the Court reconsider its October 4, 2021 order. However, Olmo did not file an application for reargument or petition for reconsideration of that order. *See* Section 331 of the Court's Internal Operating Procedures, 210 Pa. Code § 69.331 (indicating the process for filing such applications). Under the law of the case doctrine, "[i]t is the general rule that it is improper for a . . . judge, absent new evidence, to overrule an interlocutory order by another judge of the same court in the same case." *Larocca v. Workmen's Comp. Appeal Bd. (Pittsburgh Press)*, 592 A.2d 757, 760 (Pa. Cmwlth. 1991) (quoting *Vitale v. Zoning Hearing Bd. of Upper Darby Twp.*, 438 A.2d 1016, 1018 (Pa. Cmwlth. 1982)). "In the interests of judicial economy and efficiency, there must be a degree of finality to interlocutory orders by another judge in the same case." *Domagalski v. Szilli*, 812 A.2d 747, 750 n.2 (Pa. Cmwlth. 2002). "When no petition for reconsideration from an order of a single judge is filed, that order is binding unless palpably erroneous." *Id.*

We do not discern any palpable error in the October 4, 2021 order, as one of the bases for Respondent's explanation for not responding was due to this Court's non-issuance of its customary order directing that a response to the Petition be filed. (Respondent's Application for Relief ¶ 8.) A single judge of this Court accepted Respondent's explanation as sufficient, and, as a breakdown in a court's operation may be a basis for granting *nunc pro tunc* relief, *Department of Transportation, Bureau of Driver Licensing v. Emery*, 580 A.2d 909, 912 (Pa. Cmwlth. 1990), we will not say this was palpable error. Further, the rules of procedure are to "be

7

liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding," and "[t]he court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."  Pennsylvania Rule of Civil Procedure 126, Pa.R.Civ.P. 126;[3] *see also* Pennsylvania Rule of Appellate Procedure 105, Pa.R.A.P. 105 (setting forth that the appellate rules are to be liberally construed); *Dunbar v. Wetzel* (Pa. Cmwlth., No. 337 M.D. 2019, filed Aug. 30, 2021) (stating "procedural missteps," including those "related to timing (except for filing an appeal) may be excused, where there has been substantial compliance and no prejudice has resulted to the opposing party").[4]  While Olmo asserts he was prejudiced by the late filing, he does not explain how his substantial rights were affected, particularly where the Court has granted Olmo multiple extensions to allow him the opportunity to respond to the PO and to file his brief.  Accordingly, we will not overrule the PO and grant Olmo's Petition on this basis.

2. The Legal Sufficiency of the Petition

Turning to the question of whether the Petition asserts a legally sufficient claim, at this early stage, we overrule Respondent's PO.  The PO is based on numerous factual assumptions that are not found in the Petition's averments.  The PO assumes that, pursuant to the Code, Olmo must have **had to complete** the **entire**

---

[3] The Pennsylvania Rules of Civil Procedure apply to original jurisdiction actions in this Court pursuant to Pennsylvania Rule of Appellate Procedure 106, Pa.R.A.P. 106, unless otherwise prescribed.

[4] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion, while not binding, may be cited as persuasive.

1995 Sentence before beginning the 2003 Sentence.[5] (PO ¶¶ 29, 33, 36-38.) Further, and critically, the PO assumes that DOC actually did credit the entire 4 years and 10 months to Olmo's backtime, such that giving credit for any of that time against the 2003 Sentence would be illegal. (*Id.* ¶¶ 36-38; Respondent's Brief at 10, 13.) However, Olmo avers that DOC is **miscalculating** and **ignoring** this 4 years and 10 months of credit, (Petition for Review ¶¶ 4, 9), an averment this Court must accept as true at this stage of the proceedings. *Williams*, 178 A.3d at 923. Olmo also specifically denies, as alleged in the PO, that he "was [] awarded time credit towards his back[]time for the time he spent in confinement" and that "[t]ime credit for time spent in confinement was [] awarded towards [his] backtime owed."[6] (Answer to PO ¶¶ 33, 36-39.) Thus, Olmo asserts, factually, that he did not receive credit for this time against his 1995 Sentence and, as such, it should be credited against the 2003 Sentence.

An inmate is entitled to credit for all time spent in custody, whether it be in presentence confinement or serving a statutorily mandated period of incarceration. *Martin*, 840 A.2d at 308-09; *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005). Because Olmo's factual averment that the 4-year, 10-month period was either miscalculated or ignored by DOC in calculating his 2003 Sentence must be accepted as true at this stage, there is an outstanding material factual dispute regarding whether credit for this time was given. Because any doubt must be

---

[5] We observe that Respondent's argument that Olmo necessarily **had to complete the entire** 4 years and 10 months remaining on the 1995 Sentence before he could begin serving the 2003 Sentence ignores the existence of constructive parole, which involves an inmate being paroled from an original sentence and immediately beginning to serve a new sentence. *Spruill v. Pa. Bd. of Prob. & Parole*, 158 A.3d 727, 731 (Pa. Cmwlth. 2017).

[6] Although Olmo does not object to the PO as being an impermissible speaking demurrer, *see Stilp v. Commonwealth*, 910 A.2d 775, 792 (Pa. Cmwlth. 2006), he clearly denies the factual averments upon which Respondent relies to support its PO.

resolved in favor of denying the PO, *Neely*, 838 A.2d at 19 n.4, we cannot say with certainty that the law will not permit recovery. Therefore, we overrule Respondent's PO.

### III. CONCLUSION

For the above reasons, we must overrule Respondent's PO and direct Respondent to file an answer to the Petition.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Olmo,                     :
               Petitioner      :
                       :
        v.               :    No.  86 M.D. 2021
                       :
Commonwealth of Pennsylvania,  :
             Respondent  :

# O R D E R

**NOW**, August 22, 2022, the Commonwealth of Pennsylvania's (Respondent) Preliminary Objection in the Nature of a Demurrer to the pro se Petition for Review (Petition) filed by Michael Olmo is **OVERRULED**, and Respondent is directed to file an answer to the Petition within 30 days of this Order.

_____
**RENÉE COHN JUBELIRER,** President Judge