## HOUSING AUTHORITY OF THE CITY OF YORK, Appellant,

v.

## Queen E. ISMOND.

Commonwealth Court of Pennsylvania.

Argued April 7, 1997.

Decided Aug. 20, 1997.

Reargument Denied Oct. 17, 1997.

---

Bradley J. Leber, York, for appellant.

E. John Mitton, York, for appellee.

Before COLINS, President Judge,
KELLEY, J. (P.), and LORD, Senior Judge.

COLINS, President Judge.

The Housing Authority of the City of York (Housing Authority) appeals from the July 12, 1996 order of the Court of Common Pleas of York County (trial court) which reversed the Housing Authority's decision to terminate federally subsidized housing benefits to Queen E. Ismond (Ismond).[1] We affirm.

Ismond resides in an apartment, located within the City of York, with her five minor sons. On September 1, 1994, Ismond entered into a Section 8 Housing Assistance Payments Agreement with the Housing Authority. Under this agreement, Ismond's rental amount was fully subsidized. Under federal regulations, Section 8 assistance can be terminated if a participant or any member of the participant's household engages in drug-related criminal activity. 24 C.F.R. § 882.118(b)(4).

Regulations under the Section 8 program require participants to complete and submit an annual Personal Declaration Statement (statement). In Ismond's June 7, 1995, statement she revealed that her eldest son, Sedrick Lawrence (Sedrick), age 15, was arrested for possession of cocaine on April 26, 1995. Sedrick subsequently pleaded guilty to charges of possession of cocaine with intent to deliver and was sentenced to probation.[2]

On September 29, 1995, the Housing Authority notified Ismond that her Section 8 housing assistance benefits would be terminated as of October 31, 1995, because of Sedrick's drug-related activity. Ismond requested, and was granted, an informal hearing before the deputy executive director of the Housing Authority. After this hearing, the Housing Authority affirmed its original decision to terminate Ismond's Section 8 benefits.

Ismond appealed to the trial court. The trial court found that the Housing Authority's internal policy of only considering mitigating factors in cases where the drug offender is an adult member of the household, but not the head of the household or spouse/co-tenant, conflicted with the federal regulations. On July 12, 1996, the trial court issued its order reversing the Housing Authority's decision to terminate benefits and remanding to the Housing Authority to consider the mitigating factors outlined in 24 C.F.R. § 882.216(c)(2).

The Housing Authority originally appealed to this Court on August 8, 1996. That appeal

---

1. Housing is subsidized by the federal government under Section 8 of the United States Housing Act (Section 8), *as amended*, 42 U.S.C. § 1437f.

2. Sedrick violated his probation and was placed in the Abraxis Detention Center as of January 6, 1996.

was quashed as interlocutory on September 17, 1996. The Housing Authority filed a petition for reconsideration, averring that the appeal was an interlocutory appeal as of right. This Court ordered the appeal reinstated on October 18, 1996, with instructions that the parties argue the interlocutory nature of the appeal in their briefs.

The issues on appeal are whether the trial court's July 12, 1996 order is an interlocutory order appealable as of right, whether the Housing Authority's appeal is timely and whether the mitigating factors set forth in 24 C.F.R. § 882.216(c)(2) are mandatory or discretionary.[3]

Initially, we note that Ismond concedes that the trial court's July 12, 1996 order is an interlocutory order appealable as of right. Indeed, under Pa. R.A.P. 311(f):

> An appeal may be taken as of right from: (1) an order of a common pleas or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or (2) an order of a common pleas or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.

■ Ismond asserts however, that the Housing Authority's appeal should be quashed as untimely filed. Under Pa. R.A.P. 903(a), the general rule is that an appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." However, the notes after this rule state in part "[w]here an appeal is taken under Rule 311 (interlocutory appeals as of right), unless an extension to plead is obtained it will as a practical matter continue to be necessary to take the appeal within the 20 day pleading period specified in Pa. R.C.P. 1026." Ismond argues that the Housing Authority's appeal had to have been filed within 20 days of the entry of the trial court's order of July 12,

1996 but was filed on August 8, 1996, beyond the twenty day period.

We disagree. Whether or not it may "as a practical matter" be necessary to file the appeal in twenty days does not change the fact that Pa. R.A.P. 903(a) provides for a thirty day appeal period. We seriously doubt that our Supreme Court, in promulgating a note to a Rule of Appellate Procedure, would bury an exception to the general rule in a note, particularly when the exceptions to the general rule are found in Pa. R.A.P. 903(c).

■ Further, even if we construed the note to contain an exception to the general rule, it would not apply to this case. This case was a statutory appeal to the trial court. Thus, there is no need to seek an extension to plead because there are no pleadings pursuant to the Pennsylvania Rules of Civil Procedure in a statutory appeal. *In re: Appeal of Borough of Churchill*, 525 Pa. 80, 575 A.2d 550 (1990).

■ Under 24 C.F.R. § 882.118(b)(4), a household member of a family receiving Section 8 benefits shall not engage "in drug-related criminal activity...." The definition of drug-related criminal activity includes the offense for which Sedrick was charged and convicted, that is, "the possession with intent to ... sell, or distribute a controlled substance...." 24 C.F.R. § 882.118(b)(4)(i)(A). Ismond argues, as the trial court found, that the Housing Authority must consider the mitigating factors in 24 C.F.R. § 882.216(c)(2) before terminating Section 8 benefits.

The provisions of 24 C.F.R. § 882.216(c)(2) state:

> In determining whether to deny or terminate assistance based on drug-related criminal activity or violent criminal activity:
>
> ....
>
> (2) A [housing authority] shall have discretion to consider all of the circumstances in

---

**3.** This Court's appellate review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitu-tional rights were violated. *Zajac v. Altoona Housing Authority*, 156 Pa.Cmwlth. 209, 626 A.2d 1271 (1993), *petition for allowance of appeal denied*, 537 Pa. 627, 641 A.2d 591 (1994).

each case, including the seriousness of the offense, the extent of participation by Family members, and the effect that denial or termination would have on Family members not involved in the proscribed activity. [A housing authority], *in appropriate cases,* may permit the remaining members of the Family to continue receiving assistance and may impose a condition that Family members determined to have engaged in the proscribed activities will not reside in the unit. A [housing authority] may require a Family member that has engaged in the illegal use of drugs to submit evidence of successful completion of a treatment program as a condition to being allowed to reside in the unit.

(Emphasis added.) The Housing Authority argues that consideration of "all of the circumstances in each case" is discretionary, not mandatory. Ismond argues that, under the comments in the *Federal Register* relating to the above section, located at 55 Fed.Reg. 28540–41 (1990), conviction of the proscribed activity is not the only factor to be considered by the Housing Authority when eliminating eligibility for Section 8 benefits. Ismond argues that consideration of all the factors outlined in 24 C.F.R. § 882.216(c)(2) is mandatory.[4]

We acknowledge that the initial sentence of this section appears to denote discretionary application of the mitigating circumstances on the part of the Housing Authority. Continued reading of the section, however, beginning with the second sentence that "in appropriate cases" the housing authority "may permit the remaining members of the family to continue receiving assistance", denotes that each situation is fact specific and requires close inquiry on a case by case basis. 24 C.F.R. § 882.216(c)(2). This is accomplished by consideration of all the circumstances surrounding each individual case. Thus, in determining what is an "appropriate case", the Housing Authority must apply all the factors/circumstances, including mitigating ones, to each specific case. Indeed, this interpretation is supported by the comments

at 55 Fed.Reg. 28540–41 (1990), where it is denoted that the intent of these procedures is to give housing authorities "broad discretion to consider all the circumstances in each case" so as to avoid "harsh effects". *Id.* at 28540.

■ Although arguing that the application of 24 C.F.R. § 882.216(c)(2) is discretionary, the Housing Authority notes that it exercised its discretion under 24 C.F.R. § 882.216(c)(2) by promulgating an internal rule, identified as "Section 8 Drug and Violent Criminal Activity Policy", under which it considers mitigating circumstances. This internal policy only applies, however, where the offender is an adult who is not the head of the household or his or her spouse/co-tenant. The Housing Authority determined that, in instances where the offender is a juvenile, these mitigating circumstances should not apply.

The Housing Authority avers that "the only light that the *Federal Register* shines on this matter is that the intent of § 882.216(c)(2) is to prevent Housing Authorities from terminating assistance solely on the basis that a family member is involved in drug activities." (Housing Authority brief at 12.) The Housing Authority further states that "[c]onsistent with the comments in the *Federal Register,* the Housing Authority's internal policy does not require termination *solely* on the basis that a family member is a drug offender—such a result is only warranted if the offender is a juvenile." *Id.* (emphasis in original).

Under 55 Fed.Reg. 28540 (1990), "while conviction for the proscribed activities must be considered by the [Housing Authority], it should not be the *only* factor considered." (Emphasis added.) This is exactly what the Housing Authority is doing under its own internal policy. It is terminating Section 8 housing assistance *solely* on the basis that a juvenile family member is a drug offender.

The distinction the Housing Authority attempts to define, in the application of its

---

4. Subsequent to the Housing Authority's determination that Ismond's Section 8 benefits were to be terminated, 24 C.F.R. § 882.216(c)(2) was removed and reserved. However, as this section was in effect at the time of the Housing Authority's determination, we shall consider this matter under 24 C.F.R. § 882.216(c)(2).

internal policy between adult and juvenile offenders, is without merit. The Housing Authority maintains that the adults have a duty to provide proper supervision of the minor household members. The Housing Authority continues, by asserting that its "rationale behind the policy is to make parents responsible for the behavior of their children". (Housing Authority's Brief at 11.) However, this is neither the duty nor the responsibility of the Housing Authority. Moreover, the Housing Authority's internal policy effectively precludes it from considering "all of the circumstances in each case" including those mitigating factors enumerated in the federal regulations and, as such, it is in contravention with those federal regulations.

Therefore, the trial court did not err in finding that the Housing Authority is required to consider the mitigating factors in 24 C.F.R. § 882.216(c)(2) before terminating Section 8 housing assistance benefits.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of August, 1997, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed.