Edward J. SCHULTHEIS, Jr.

v.

**BOARD OF SUPERVISORS OF UPPER BERN TOWNSHIP, BERKS COUNTY,** Pennsylvania, Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1998.

Decided Feb. 22, 1999.

Joan E. London, Reading, for appellant.

John W. Ashley, Allentown, for appellee.

Before DOYLE, J., FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Board of Supervisors (Board) of Upper Bern Township (Township), Berks County appeals from an order of the Court of Common Pleas of Berks County (trial court) reversing the Board's denial of Edward J. Schultheis' (Schultheis) Preliminary Plan for a subdivision and remanding the matter to the Board to allow the Board to provide Schultheis with formal written notification of alleged deficiencies in his Preliminary Plan and an opportunity to correct those deficiencies. We reverse.

Schultheis owns approximately fifty acres of land, known as 272 Feick Drive, located in a residential zoning district in the Township.

Schultheis wants to subdivide the property into twelve new building lots, with the thirteenth lot being the undeveloped remainder of the property.

On September 9, 1996, Schultheis filed a Sketch Plan with the Township. The Berks County Planning Commission (Planning Commission) reviewed the Sketch Plan and found that it did not conform to the Berks County Comprehensive Plan. The Planning Commission also provided general planning comments which included, *inter alia*, the need for soil percolation and probe tests and a wetlands delineation. (R.R. at 5a–6a.) In addition, Motley Engineering Co., Inc. (Motley) conducted an informal review of the Sketch Plan and found it to be defective under the Township's Subdivision and Land Development Ordinance (SLD Ordinance) and zoning ordinance. The defects included, *inter alia*, the need for a wetlands delineation and soil percolation and probe tests; further, Motley stated that these items "should be completed prior to the submission of a Preliminary Plan." (R.R. at 7a–8a.)

At a December 30, 1996 meeting, the Board voted to put a moratorium on new development until after a vote on the new zoning ordinance proposed for the Township. (R.R. at 103a.) The Board also voted to hold a public meeting on February 27, 1997, regarding the new zoning ordinance. On February 27, 1997, Schultheis submitted his Preliminary Plan application to the Township.[1] On March 5, 1997, the Board adopted the new zoning ordinance (1997 Zoning Ordinance), effective March 12, 1997.

The Planning Commission reviewed Schultheis' Preliminary Plan and found that it did not conform to the Berks County Comprehensive Plan. In addition, Motley issued a review letter, dated March 24, 1997,[2] stating that it found Schultheis' Preliminary Plan application to be deficient under the requirements of the SLD Ordinance with respect to soil percolation and probe tests, wetlands

---

1. The zoning ordinance in effect at the time of Schultheis' submission would permit Schultheis to subdivide his property into 13 lots; the proposed new zoning ordinance would permit a maximum of four new lots.

2. This was Motley's second review letter; when Motley issued its first review letter, dated March 12, 1997, Motley did not have all of the attachments to Schultheis' Preliminary Plan. Motley's March 24, 1997 letter reviewed the Preliminary Plan in conjunction with all of the attachments.

delineations and erosion and sedimentation controls.[3] Further, Motley pointed out that Schultheis' Preliminary Plan application failed to address many of the issues raised by Motley when it reviewed Schultheis' Sketch Plan. Motley concluded that the Preliminary Plan application did not meet the official submission requirements under the SLD Ordinance and the zoning ordinance.

On April 1, 1997, and on April 3, 1997, respectively, the Planning Commission and the Board notified Schultheis that they had denied his Preliminary Plan application because it was incomplete as outlined in Motley's March 24, 1997 review letter. On April 8, 1997, and on April 24, 1997, respectively, after the denial of his plan, Schultheis submitted the results of the percolation tests [4] and the wetlands delineation report to the Township. (R.R. at 15a–41a, 52a–69a.) Schultheis also submitted an erosion and sedimentation control plan. (Board's brief at 9.)

On May 2, 1997, Schultheis appealed the Board's decision [5] to the trial court, arguing that the Board's decision should be reversed because:

1. The Board should have given Schultheis an opportunity to correct any of the problems noted by Motley Engineering instead of rejecting the Preliminary Plan outright;

2. The back-up percolation tests for Lot Nos. 4 and 12 had not been completed because of inclement weather and Schultheis was not aware that Lot No. 13 required a back-up test (and system) until March 12, 1997, and, when he found out, he moved promptly to address that issue;

3. The wetlands report and data sheets had been submitted together with the Preliminary Plan; and

4. Schultheis had already submitted Erosion and Sedimentation Control Plans to the Berks County Conservation District which has not yet made a decision on them as of April 1, 1997.

(Trial court op. at 5.) The trial court concluded that each of the alleged deficiencies in Schultheis' Preliminary Plan was "relatively minor" in nature and that Schultheis should be given an opportunity to correct them before the Board can reject Schultheis' Preliminary Plan outright. Accordingly, the trial court granted Schultheis' appeal, reversed the Board's decision and remanded the case to the Board to allow Schultheis an opportunity to correct the alleged deficiencies. The Board now appeals to this court from the trial court's order.

Initially, however, we note that the trial court's order is interlocutory, *see* Pa. R.A.P. 341 (defining a final order); therefore, before we can entertain the merits of the Board's appeal, we must determine whether this case is properly before us at this time. Rule 311 of the Pennsylvania Rules of Appellate Procedure provides that a party may appeal from an interlocutory order as of right under limited circumstances. Specifically, Pa. R.A.P. 311(f) provides:

> **Administrative remand.** An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion; or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.

**3.** Specifically, Motley noted the following: (1) soil percolation and probe tests were not completed for Lots 4, 12 and 13, citing to SLD Ordinance, sections 3.223, 4.245, 4.256, 4.40 and 5.60; (2) a wetlands delineation and spot elevations should be performed, and a copy of the Wetlands Report and Data Sheets submitted with the preliminary plan, citing to SLD Ordinance, sections 3.224, 4.118, 4.241, and the Township's zoning ordinance, sections 514, 532; and (3) an Erosion and Sedimentation Control Plan should be submitted with the proposed Preliminary Plan, citing to SLD Ordinance, sections 3.224, 4.259, 5.94. (R.R. at 47a–48a.)

**4.** The reproduced record does not contain a percolation test for lot 13. (R.R. at 15a–41a.)

**5.** The document contained in the reproduced record reflecting the Board's decision is the April 3, 1997 letter. (R.R. at 51a; *see also* R.R. at 70a.)

The Board raises two charges of error to the trial court's order granting Schultheis' land use appeal and remanding the matter to the Board. Specifically, the Board argues that it correctly denied Schultheis' Preliminary Plan application, pointing out that the application did not comport with the SLD Ordinance, that the application was incomplete and that critical data was not submitted timely. Further, the Board contends that these deficiencies were not minor technicalities but, rather, were substantive defects. The Board also argues that it acted in good faith in denying Schultheis' Preliminary Plan because the Township provided Schultheis with notice of the defects five months prior to the filing of his Preliminary Plan, and seven months prior to the Board's rejection of the Preliminary Plan; yet, Schultheis' Preliminary Plan was nearly identical to the defective Sketch Plan submitted to the Township in September of 1996. The Board argues that it should not be required to give Schultheis numerous "bites at the apple," [6] which the trial court's order demands.

■ Clearly, the issues raised by the Board would evade appellate review if we were to deny immediate appeal. After Schultheis is provided an opportunity to revise his plan and the Board reviews that plan on remand, the only issues that would be appealable would be those relating to the Board's review of Schultheis' *revised* preliminary plan. Thus, whether Schultheis' February 27, 1997 Preliminary Plan was complete would evade review. *See Marchionni v. Southeastern Pennsylvania Transportation Authority,* 715 A.2d 559 (Pa.Cmwlth.1998) (holding that this court had jurisdiction over an appeal from a trial court order which remanded the case so that a new hearing examiner could be appointed and a new hearing conducted where the appellant raised the issue of commingling of prosecutorial and

adjudicative functions during the original hearing); *Lewis v. School District of Philadelphia,* 690 A.2d 814 (Pa.Cmwlth.1997) (holding that portion of interlocutory order requiring a new hearing rather than basing decision on the proceedings before the hearing officer was appealable but that the employee's due process claims regarding reinstatement and back pay could be addressed on appeal from a final order); *Housing Authority of City of York v. Ismond,* 700 A.2d 559 (Pa.Cmwlth.1997) (appellee conceded trial court's interlocutory order was appealable as of right where it directed agency to reconsider its original decision using a different legal standard), *appeal granted in part,* 550 Pa. 467, 706 A.2d 1206 (1998). Therefore, we conclude that the Board can file an appeal as of right from the trial court's interlocutory order pursuant to Pa. R.A.P. 311(f)(2).

■ Having established that this case is properly before us, we will now address the merits of the case. We begin by pointing out that where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether *the Board* committed an error of law or abused its discretion. *Herr v. Lancaster County Planning Commission,* 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993), *appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). The Board abuses its discretion when its findings of fact are not supported by substantial evidence. *Id.*

■ Where a preliminary plan fails to comply with the objective, substantive requirements of a subdivision ordinance, its rejection or conditional approval is within the discretion of the governing body. *Id.* Further, here, the Township's SLD Ordinance allows the Board to reject a preliminary plan if it does not conform with the SLD Ordinance's requirements.[7] *See* 3.21, 3.252, 3.261, 3.265.

---

6. The Board also points out that the trial court's remand order has the effect of deeming Schultheis' Preliminary Plan to be "duly filed" pursuant to section 508 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508, thereby requiring the Board's review on remand to be governed by the former, less restrictive zoning ordinance in effect on February 27, 1997 when Schultheis submitted his Preliminary Plan.

7. Regarding a preliminary plan, section 3.265 of the SLD Ordinance provides:

   The action of the Supervisors [Board] may be favorable, approving the Plan, or unfavorable, disapproving the Plan. . . . When the Plan as submitted is not approved, the report shall specify the requirements of this Ordinance which have not been met and recommend changes which should be made in the Plan to secure approval.

■ Contrary to the SLD Ordinance requirements, Schultheis' Preliminary Plan application did not contain soil percolation and probe tests, wetlands delineations and erosion and sedimentation controls. Although Schultheis contends these deficiencies were minor technicalities, we must agree with the Board that these deficiencies were not minor but, rather, were substantive. *Cf. Herr* (upholding the commission's rejection of plan where the defects included the failure of several lots to conform to the lot size requirements and the failure to provide necessary stormwater management information). Moreover, whatever the extent of the deviation, the fact remains that Schultheis' Preliminary Plan, as submitted, did not comply with the SLD Ordinance requirements.

■ Contrary to Schultheis' assertions, neither case law nor the SLD Ordinance *required* the Board to give conditional approval to Schultheis' Preliminary Plan or permit Schultheis to revise his Preliminary Plan. Indeed, the Board was required only to assess the Preliminary Plan as submitted. *See Herr.*[8] While we recognize that Schultheis submitted all of the previously missing materials within weeks of the Board's rejection of his Preliminary Plan, there is no requirement that the Board must consider additional materials. *Id.* Moreover, we cannot ignore the fact that Schultheis was informed that he needed a wetlands delineation and soil percolation and probe tests when he submitted his Sketch Plan. (R.R. at 7a–8a.) In fact, Schultheis was told that these items "should be completed prior to the submission of a Preliminary Plan." (R.R. at 7a–8a.)

Nevertheless, five months after the rejection of his Sketch Plan and approximately one week before the Board adopted the 1997 Zoning Ordinance permitting fewer subdivision lots, Schultheis submitted a Preliminary Plan containing many of the same deficiencies that appeared in his Sketch Plan. Schultheis' subsequent furnishing of the necessary materials cannot alter the fact that his Preliminary Plan was substantively defective when it was submitted.[9] Accordingly, the Board had the discretion to reject Schultheis' Preliminary Plan.[10]

Based on the foregoing reasons, we conclude that the Board did not abuse its discretion or commit an error of law when it denied Schultheis' Preliminary Plan application. Therefore, we reverse the trial court's order.

## ORDER

AND NOW, this 22nd day of February, 1999, the order of the Court of Common Pleas of Berks County, dated March 24, 1998, at No. 97–4287, is hereby reversed.

Senior Judge RODGERS dissents.

8. We agree with the Board that the trial court's reliance on *Herr* is misplaced because *Herr* does not require that a developer be given conditional approval or an opportunity to revise a plan when it does not comply with the applicable zoning ordinances.

9. In *Herr*, the court noted, in dictum, that in *Valley Run, Inc. v. Board of Commissioners of Swatara Township*, 21 Pa.Cmwlth. 649, 347 A.2d 517 (1975), this court held that a board *should* consider revised plans where the defects are minor. However, in *Valley Run*, the plan did not contain the designation of the streets' names and widths. The defects here certainly are of a more substantial nature and magnitude. Indeed, as stated above, the Board correctly concluded that

the defects in Schultheis' Preliminary Plan were not "minor."

10. We note that the Board's rejection complied with the SLD Ordinance, which requires the Board to specify what provisions of the SLD Ordinance have not been complied with and recommend changes. SLD Ordinance § 3.265. We disagree with Schultheis' assertions that the provisions on which the Board based its rejection are too general. *Compare Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township*, 21 Pa.Cmwlth. 137, 344 A.2d 277 (1975) (stating that provisions which pertain broadly to health, safety and welfare are too general).