### BOROUGH OF PLEASANT HILLS, Appellant,

### v.

### ZONING BOARD OF ADJUSTMENT OF the BOROUGH OF PLEASANT HILLS, Houston Land Company & Pittsburgh Training and Firearms, Inc.

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1995.

Decided Dec. 19, 1995.

Henry E. Rea, Jr., for appellant.

No appearance for the appellees.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Borough of Pleasant Hills (Borough) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which upheld a decision of the Zoning Hearing Board of the Borough of Pleasant Hills (Board) allowing the Pittsburgh Training and Firearms Center (Center) to provide parking across the street from its proposed principle place of business without obtaining a variance. We reverse.

The Center, on November 23, 1993, requested from the Board a variance relating to a building it had recently purchased. The Center sought to establish a firing range, training center and retail store at this building,[1] currently used as a warehouse. As a result of a lack of adequate parking spaces, the Center sought to establish a parking lot across the street from the building in order to comply with the Ordinance's parking requirement.

Following a hearing, the Board allowed the Center to use the parking lot to meet the zoning requirement without a variance as parking spaces "need only be located on the same site as the principle structure they are to serve and not necessarily on the same lot."[2]

The Borough appealed. The trial court found that, even though the proposed parking lot was across the street from the subject property, it was on the same "site." The trial court broadly defined the word "site," reasoning that since "site" is not defined in

---

1. The building is located in an M–1 manufacturing district by Zoning Regulations Ordinance No. 391 (consolidated) of the Borough of Pleasant Hills, enacted September 15, 1986, *as amended* (Ordinance).

2. In pertinent part from the Board's decision dated May 31, 1994.

the Ordinance, its meaning is ambiguous and must be resolved in favor of the landowner.

■ On appeal before this Court,[3] the Borough argues that the Ordinance is clear and unambiguous and that the trial court erred in allowing the Center to use a parking lot across the street from the building without mandating the need for a variance. We agree.

At issue in this case is Section 1901 of the Ordinance. It states, in pertinent part:

> Automobile Parking Space. There shall be provided, at the time of erection of any principle structure or at the time any principle structure is enlarged or increased in capacity, minimum off-street automobile parking area, including the required number of parking stalls, but not less than twenty-five percent (25%) of the total parking area shall be provided ·for adequate ingress, egress and general circulation. All parking stalls shall be provided and *on the site of the principle structure which they are intended to serve.* When the determination of parking stalls required for a use results in a requirement of a fractional parking stall, any fraction shall be counted as one (1) parking stall. (Emphasis added.)

■ The trial court concluded that since the term "site" is not defined in the Ordinance, an ambiguity exists and as a result the dispute must be resolved in the favor of the landowner. The trial court is correct in its conclusion that any ambiguities which exist in a locality's ordinances must be interpreted in favor of the property owner and against any implied extension of restrictions on the use of the property.[4] However, we disagree with the trial court's conclusion that Section 1901 is ambiguous.

■ In finding Section 1901 ambiguous, the Board and the trial court placed the word "site" in a vacuum and interpreted the meaning of the word by itself, and not as part of a phrase, which it should have done.[5] The Ordinance states "on the site of the principle structure which they are intended to serve." When interpreting the Ordinance, the words "site of the principle structure," and not the word "site" by itself, are dispositive of the intended meaning of the Ordinance. When taken as a whole, the words "site of the principle structure" indicate the Ordinance's desire that the parking spaces in question be located close to or by the site of the structure and certainly not at a location which is separated by a public road.

If a word or phrase is not defined in the statute or ordinance, we are mandated to construe the word or phrase according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a); *Hileman v. Morelli*, 413 Pa. Superior Ct. 316, 605 A.2d 377 (1992). The term "site" is defined by *Webster's Ninth New Collegiate Dictionary 1102* (1987) as "b: a space of ground occupied or to be occupied by a building." The phrase "on the site of the principle structure" refers to a space of ground on which the principle structure is located.

A space of ground which is occupied by a structure cannot include a location across a public street. To conclude otherwise would ignore the plain and clear meaning of the ordinance and, in this case, the phrase "on the site of the principle structure." We hold that the trial court committed an abuse of discretion by adopting too broad a definition of the term "site." Therefore, we reverse the order of the trial court and hold that the Center is obligated under the Ordinance to obtain a variance from the Board in order to

---

3. Our scope of review in a zoning appeal where the trial court took no additional evidence is limited to a determination of whether there was an abuse of discretion or an error of law. *Manor Healthcare Corp. v. Lower Moreland Township Zoning Hearing Board,* 139 Pa.Cmwlth. 206, 590 A.2d 65 (1991).

4. *Isaacs v. Wilkes–Barre City Zoning Hearing Board,* 148 Pa.Cmwlth. 578, 612 A.2d 559 (1992).

5. When interpreting a zoning ordinance, it is appropriate to construe any given word or phrase with regard to the context and to bring together, if possible, the language under construction with all other parts of the ordinance. *Kuhn v. Hanover General Hospital,* 34 Pa. Cmwlth. 207, 382 A.2d 1305 (1978). *See also Warminster Township v. Kessler,* 16 Pa.Cmwlth. 67, 329 A.2d 316 (1974).

provide parking for its proposed firing range, training center and retail store at a location across the street.

Accordingly, we reverse.

### ORDER

AND NOW, this 19th day of December, 1995, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.